JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Scott Burkhart

**DEFENDANTS**
LiNA Medical, US.

(b) County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Gwinnett County, Georgia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
James Hockenberry, 2005 Market St. Suite 2300, Phila PA 19103 (215) 717-0744

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*   28 USC § 1332
Brief description of cause:   Products liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ > $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 3/14/14
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT BURKART, individually and<br>as Executor of the Estate of<br>DONNA BURKHART, deceased<br>200 Summit Avenue<br>Reading, PA  19606 | )<br><br>)<br><br>)      No.:<br><br>) |
| V. | )<br>) |
| LiNA MEDICAL US, d/b/a<br>LiNA Medical<br>1856 Corporate Drive<br>Suite 135<br>Norcross, GA  30093 | )      JURY TRIAL DEMANDED<br><br>)<br><br>) |
| and | ) |
| BLUE ENDO<br>8097 Flint Street<br>Lenexa, KS  66214 | )<br><br>) |
| and | ) |
| ETHICON, INC., d/b/a<br>ETHICON WOMEN'S HEALTH<br>AND UROLOGY<br>Route 22 West<br>Somerville, NJ  08876-0151 | )<br><br>)<br><br>) |
| and | ) |
| ABC CORPORATIONS, 1-10 | ) |
| and | ) |
| JOHN DOES, 1-10 | ) |
| and | |

1

JANE DOES, 1-10                                                  )

_____ )

## PLAINTIFF'S CIVIL ACTION COMPLAINT

## I.   INTRODUCTION

1.      This action is a products liability action against LiNA Medical US, d/b/a LiNA Medical, Blue Endo, Ethicon, Inc., as well as ABC Corporations, 1-10, John Does, 1-10, and/or Jane Does, 1-10, resulting from the use of said defendants' morcellator surgical products.

2.      Plaintiff's spouse, Donna Burkhart, deceased, (hereafter "Decedent"), had a surgical procedure known as a Robot-assisted supracervical hysterectomy and bilateral salpingectomy with uterine morcellation on 3/6/2012 at The Reading Hospital and Medical Center located in Reading, Berks County, Pennsylvania.

## II.   JURISDICTION AND VENUE

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states as plaintiff, Scott Burkhart, Decedent's surviving spouse, is a resident of the state of Pennsylvania.  In addition, Plaintiff, Scott Burkhart, in his capacity as the Executor of Decedent's estate, is deemed a citizen of Pennsylvania for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(2), as the Decedent was, at all times material and relevant hereto, a citizen of Pennsylvania.

3.      Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in

2

this District.

III.     **PARTIES**

4.      Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, (hereafter "Plaintiff"), is an adult individual residing at 200 Summit Avenue, Reading, Pennsylvania and the spouse of Decedent.

5.      Defendant LiNA Medical US, d/b/a LiNA Medical, is a fictitious name, corporation, or other entity, organized and/or existing under the laws of the State of Georgia, and who at all times material and relevant hereto was engaged in the business of manufacturing and/or selling and/or supplying and/or marketing and/or and/or designing and/or distributing minimally invasive gynecological surgical products, with a principal place of business at 1856 Corporate Drive, Suite 135, Norcross, Georgia

6.      Defendant Blue Endo, is a fictitious name, corporation, or other entity, organized and/or existing under the laws of the Kansas, and who at all times material and relevant hereto was engaged in the business of manufacturing and/or selling and/or supplying and/or marketing and/or and/or designing and/or distributing minimally invasive gynecological surgical products, with a principal place of business at 8097 Flint Street, Lenexa, Kansas.

7.      Defendant Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, is a fictitious name, corporation, or other entity, organized and/or existing under the laws of the New Jersey, and who at all times material and relevant hereto was engaged in the business of manufacturing and/or selling and/or supplying and/or marketing and/or and/or designing and/or distributing minimally invasive gynecological surgical products, with a principal place of business at Route 22 West, Somerville, New Jersey.

3

7.      Defendants ABC Corporations, 1-10, are fictitious names, corporations, or other similar entities who were was engaged in the business of manufacturing and/or selling and/or supplying and/or marketing and/or and/or designing and/or distributing minimally invasive gynecological surgical products, specifically, the product/s used upon Decedent.

8.      John Does, 1-10, who were was engaged in the business manufacturing and/or selling and/or supplying and/or marketing and/or distributing minimally invasive gynecological surgical products, specifically, the product/s used upon Decedent.

9.      Jane Does, 1-10, who were was engaged in the business manufacturing and/or selling and/or supplying and/or marketing and/or distributing minimally invasive gynecological surgical products, specifically, the product/s used upon Decedent.


IV.    **BACKGROUND AND FACTS**

10.     The paragraphs above are incorporated by reference hereto as if set forth at length.

11.     On 3/6/2012 Plaintiff's Decedent, Donna Burkhart, underwent a surgical procedure known as a Robot-assisted supracervical hysterectomy and bilateral salpingectomy with uterine morcellation by John J. Dougherty, M.D. and his assistant, Laruen B. Westermann, D.O., at The Reading Hospital and Medical Center, due to Decedent's metromenorrhagia.

12.     Prior to the Decedent's surgery of 3/6/2012, there was no evidence of disseminated and/or metastatic cancer/disease.

13.     Following this procedure, on 3/15/2012, Decedent was informed that she had cancer.

14.     She died on 2/2/2013 as a result of metastatic myelosarcoma.

15.     Decedent was 53 years old at the time of her death.

4

16.     It is alleged that each and every defendant herein failed to warn about the possibility of seeding and undiagnosed sarcoma throughout the peritoneal cavity.

17.     Defendants were each aware of the risks, complications, and/or adverse events associated with their products used for uterine morecellation.

## V.     COUNTS

### COUNT I – NEGLIGENCE
### SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL; BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

18.     The paragraphs above are incorporated by reference hereto as if set forth at length.

19.     Defendants LiNA Medical US, d/b/a LiNA Medical, Blue Endo, Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, ABC Corporations, 1-10, John Does, 1-10, and/or Jane Does, 1-10, (hereafter collectively referred to as "Defendants"), owed a duty to manufacture, compound, label, market, distribute, and supply and/or sell products, including minimally invasive gynecologic products, including products used for uterine morcellation in such a way as to avoid harm to persons upon whom they are used, such as Decedent herein, or to refrain from such activities following knowledge and/or constructive knowledge that such product is harmful to persons upon whom it is used.

20.     Defendants owed a duty to warn of the hazards and dangers associated with the use of its products, specifically minimally invasive gynecologic products, including products used for uterine morcellation, for patients such as Decedent herein, so as to avoid harm.

5

21.    Defendants, acting by and through their authorized divisions, subsidiaries, agents, servants, and employees, were guilty of carelessness, recklessness, negligence, gross negligence and willful, wanton, outrageous and reckless disregard for human life and safety in manufacturing, designing, labeling, marketing, distributing, supplying and/or selling and/or placing into the stream of commerce, minimally invasive gynecologic products, including products used for uterine morcellation, both generally, and in the following particular respects:

a.    failing to conduct adequate and appropriate testing of minimally invasive gynecologic products, specifically including, but not limited to, products used for uterine morcellation;

b.    putting products used for uterine morcellation on the market without first conducting adequate testing to determine possible side effects;

c.    putting products used for uterine morcellation on the market without adequate testing of its dangers to humans;

d.    failing to recognize the significance of their own and other testing of, and information regarding, products used for uterine morcellation, which testing evidenced such products potential harm to humans;

e.    failing to respond promptly and appropriately to their own and other testing of, and information regarding products used for uterine morcellation, which indicated such products potential harm to human;

f.    failing to promptly and adequately warn of the potential of the products used for uterine morcellation to be harmful to humans in violation of Restatement (Second) of Torts, §388;

g.    failing to promptly and adequately warn of the potential for the metastases of cancer when using products used for uterine morcellation in violation of

6

Restatement (Second) of Torts, §388.

h.     failing to promptly, adequately, and appropriately recommend testing and
       monitoring of patients upon whom products used for uterine morcellation
       in light of such products potential harm to humans;

i.     failing to properly, appropriately, and adequately monitor the post-market
       performance of products used for uterine morcellation and such products
       effects on patients;

j.     concealing from the FDA, National Institutes of Health, the general
       medical community and/or physicians, their full knowledge and
       experience regarding the potential that products used for uterine
       morcellation are harmful to humans;

k.     promoting, marketing, advertising and/or selling products used for uterine
       morcellation for use on patients given their knowledge and experience of
       such products' potential harmful effects;

l.     failing to withdraw products used for uterine morcellation from the
       market, restrict its use and/or warn of such products' potential dangers,
       given their knowledge of the potential for its harm to humans;

m.     failing to fulfill the standard of care required of a reasonable, prudent,
       minimally invasive gynecological surgical products engaged in the
       manufacture of said products, specifically including products used for
       uterine morcellation;

n.     placing and/or permitting the placement of the products used for uterine
       morcellation, into the stream of commerce without warnings of the
       potential for said products to be harmful to humans and/or without

7

properly warning of said products' dangerousness;

o.      failing to disclose to the medical community in an appropriate and timely manner, facts relative to the potential of the products used for uterine morcellation to be harmful to humans;

p.      failing to respond or react promptly and appropriately to reports of products used for uterine morcellation causing harm to patients;

q.      disregarding the safety of users and consumers of products used for uterine morcellation, including Plaintiff's Decedent herein, under the circumstances by failing adequately to warn of said products' potential harm to humans;

r.      disregarding the safety of users and consumers of the products used for uterine morcellation, including Plaintiff's Decedent herein, and/or her physicians' and/or hospital, under the circumstances by failing to withdraw said products from the market and/or restrict their usage;

s.      disregarding publicity, government and/or industry studies, information, documentation and recommendations, consumer complaints and reports and/or other information regarding the hazards of the products used for uterine morcellation and their potential harm to humans;

t.      failing to exercise reasonable care in informing physicians and/or hospitals using the products used for uterine morcellation about their own knowledge regarding said products' potential harm to humans;

u.      failing to remove products used for uterine morcellation from the stream of commerce;

v.      failing to test products used for uterine morcellation properly and/or

adequately so as to determine its safety for use;

w.     failing to use due care under the circumstances; and,

x.     such other acts or omissions constituting negligence and carelessness as may appear during the course of discovery or at the trial of this matter'

y.     promoting the products used for uterine morcellation as safe and/or safer than other comparative methods of lesion removal;

z.     promoting the products used for uterine morcellation on websites aimed at creating user and consumer demand;

aa.    failing to conduct and/or respond to post-marketing surveillance of complications and injuries.

22.     As a direct and proximate result of the negligent and/or reckless and/or wanton acts and/or omissions of Defendants, Plaintiff and/or Plaintiff's Decedent suffered serious injuries, death, and/or financial losses and harm.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10, and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus interest, costs, punitive damages, and attorney's fees.

## COUNT II - STRICT LIABILITY
### (RESTATEMENT SECOND OF TORTS § 402A)
SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF
DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL;
BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND
UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

23.    The paragraphs above are incorporated by reference hereto as if set forth at length.

24.    As a result of the unreasonably dangerous and defective condition of the products used for uterine morcellation, which Defendants manufactured, designed, labeled, marketed, distributed, supplied and/or sold, and/or placed into the stream of commerce, they are strictly liable to the Plaintiff and Plaintiff's Decedent pursuant to §402A of the Restatement (Second) of Torts for their injuries and/or losses, specifically including Decedent's death, which they directly and proximately caused, based on the following:

a.    failing to properly and adequately <u>design</u> the products used for uterine morcellation;

b.    failing to properly and adequately <u>manufacture</u> the products used for uterine morcellation; and,

c.    such other defects as shall be revealed in the course of discovery.

25.    In addition, the aforesaid incident and Plaintiff's and Decedent's injuries and losses were the direct and proximate result of Defendants' manufacturing, designing, labeling, marketing, distributing, supplying and/or selling and/or placing into the stream of commerce the products used for uterine morcellation, without proper and adequate warnings regarding the potential for said products' harm to humans and as otherwise set forth supra, when said Defendants knew or should have known of the need for such warnings and/or recommendations.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and

10

against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a

Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10,

and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus

interest, costs, punitive damages, and attorney's fees.

## COUNT III - BREACH OF EXPRESS WARRANTY
### SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL; BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

25.     The paragraphs above are incorporated by reference hereto as if set forth at

length.

26.     In the advertising and marketing of the products used for uterine morcellation,

which was directed to both physicians and hospitals and consumers, Defendants warranted that

said product or products, were safe for the use, which had the natural tendency to induce

physicians and hospitals to use the same for patients and for patients to want to be treated with

the same.

27.     The aforesaid warranties were breached by Defendants in that the products used

for uterine morcellation, constituted a serious danger to the user.

28.     As a direct and proximate result of Defendants' breach of express warranty,

Plaintiff and/or Plaintiff's Decedent suffered serious injuries, including death, and financial

losses and harm.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of

Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and

against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a

Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10,

and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus interest, costs, punitive damages, and attorney's fees.

## COUNT IV - WRONGFUL DEATH
### SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL; BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

29.    The paragraphs above are incorporated by reference hereto as if set forth at length

30.    Plaintiffs bring this Wrongful Death action on behalf of the beneficiaries, under and by virtue of the Acts of 1855, P.L. 309, as amended, 42 Pa.C.S.A. §8301, the applicable Rules of Civil Procedure and decisional law.

31.    As a result of the negligence, wrongful conduct, and misconduct of defendant, as set forth above, Decedent was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Wrongful Death Act.

32.    Plaintiff claim damages for all administrator's expenses suffered by reason of the death of Decedent, including, but not limited to medical, hospital, funeral and burial expenses and expenses of estate administration and other expenses recoverable under the Wrongful Death Act.

33.    Plaintiff claims damages for loss of the monetary support that Decedent Abraham Strimber would have provided to beneficiaries during her lifetime, including, but not limited to earnings, maintenance, support, and other similar losses recognized under the Wrongful Death Act that they would have received from him for the rest of his natural life.

34.    Plaintiff claim damages, under the Wrongful Death Act, for all pecuniary losses suffered by the beneficiaries.

35.    Plaintiffs claim, under the Wrongful Death Act, an amount to compensate beneficiaries for the losses of contribution between the time of death and today, and the amount of support that Decedent would have contributed to them in the future.

36.    Plaintiff claims, under the Wrongful Death Act, damages for services provided or which could have been expected to have been provided in the future by Decedent, as well as household services.

37.    Plaintiff claims, under the Wrongful Death Act, damages for loss of guidance, tutelage and other similar losses recognized under the Wrongful Death Act that would have been provided to the beneficiaries.

38.    Plaintiff Scott Burkhart, as the husband of Decedent, claims, under the Wrongful Death Act, damages for his past and future loss of spousal consortium, services, society, support, guidance, tutelage, comfort and other similar losses recognized under the Wrongful Death Act.

39.    Plaintiff claims, under the Wrongful Death Act, the full measure of damages allowed under the law and under the categories of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10, and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus interest, costs, punitive damages, and attorney's fees.

## COUNT V – SURVIVAL ACTION
## SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL; BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

40.     The paragraphs above are incorporated by reference hereto as if set forth at length

41.     Plaintiff brings this Survival Action on behalf of the Estate of Decedent Donna Burkhart, under and by virtue of 42 Pa.C.S.A. § 8302, the applicable Rules of Civil Procedure and decisional law.

42.     The beneficiaries, as described above, are entitled to the entire distribution of the Estate of Decedent Donna Burkhart.

43.     As a result of the negligence, wrongful conduct, and misconduct of all Defendants, as set forth above, Decedent was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Survival Act.

44.     As a result of the death of Decedent, her Estate has been deprived of the economic value of her life expectancy and Plaintiff, Scott Burkhart, as Executor of the Estate of Donna Burkhart and/or her spouse, respectively, claim, under the Survival Act, damages for all pecuniary losses suffered by the Estate of Donna Burkhart as a result of her death, including all loss of income, earnings, retirement income and benefits and Social Security income, until death, as a result of said Decedent's death.

45.     Plaintiff further claims under the Survival Act the total amount that Decedent would have earned between today and the end of her life expectancy; Plaintiff especially seeks the total amount of future lost earning capacity, including, but not limited to the total amount of future lost earnings and earning capacity, including, but not limited to the total lost future net earnings for Decedent, less her cost of personal maintenance.

46.     Plaintiff further claims under the Survival Act, damages for embarrassment, humiliation, and mental anguish.

47.     Plaintiff further claims under the Survival Act damages for the conscious pain and suffering, and inconvenience endured by Decedent prior to her death, including, but not limited to physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to said Decedent's death.

48.     Plaintiff claim the full measure of damages under the Survival Act and decisional law interpreting said Act.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10, and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus interest, costs, punitive damages, and attorney's fees.

### COUNT VI – BREACH OF IMPLIED WARRANTY
### SCOTT BURKHART, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONNA BURKHART, DECEASED V. LiNA MEDICAL, US, d/b/a LiNA MEDICAL; BLUE ENDO; ETHICON, INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY; ABC CORPORATIONS, 1-10; JOHN DOES, 1-10; AND JANE DOES, 1-10

49.     The paragraphs above are incorporated by reference hereto as if set forth at length.

50.     At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold the foregoing products used for uterine morcellation.

51.     At all relevant times, Defendants intended that the products used for uterine morcellation be used in the manner that the Decedent's surgeons in fact used it and Defendants

impliedly warranted the product to be of merchantable quality, safe and fit for such use, and was adequately tested.

52.     Defendants breached various implied warranties with respect to the products used for uterine morcellation, including:

a. Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that the products used for uterine morcellation were safe, and withheld and concealed information about the substantial risks of serious injury and/or death associated with using the products used for uterine morcellation;

b. Defendant represented that the products used for uterine morcellation were as safe and/or safer than other alternative surgical approaches that did not include the use of the said products, and concealed information, which demonstrated that said products were not safer than alternatives available on the market; and,

c. Defendants represented that the products used for uterine morcellation were more efficacious than other alternative surgical approaches and techniques and concealed information, regarding the true efficacy of said products.

53.     In reliance upon Defendants' implied warranty, Decedent's surgeons used said products as prescribed and in the foreseeable manner normally intended, recommended, promoted, instructed, and marketed by Defendant.

54.     Defendants breached their implied warranty to Decedent in that said products used for uterine morcellation were not of merchantable quality, safe and fit for their intended use, or adequately tested.

55.     As a direct and proximate consequence of Defendants' breach of implied warranty and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts

described herein, the Plaintiff and Decedent sustained injuries and damages alleged herein including pain and suffering.

56.    As a further direct and proximate result of the acts of Defendants, Plaintiffs suffered emotional distress and loss of consortium.

WHEREFORE, Plaintiff, Scott Burkhart, individually and as Executor of the Estate of Donna Burkhart, respectfully requests that this Honorable Court enter judgment in his favor and against LiNA Medical US, d/b/a LiNA Medical, and/or Blue Endo, and/or Ethicon, Inc., d/b/a Ethicon Women's Health and Urology, and/or ABC Corporations, 1-10; and/or John Does, 1-10, and/or Jane Does, 1-10, jointly and/or severally, in an amount in excess of $75,000.00 plus interest, costs, punitive damages, and attorney's fees.

Respectfully submitted,

By:

H. Leon Aussprung, M.D., Esquire
I.D. No.: 80183
James E. Hockenberry, Esquire
I.D. No.: 91133
One Commerce Square, Suite 2300
2005 Market Street
Philadelphia, PA  19103
267-806-8250
LA@aussprunglaw.com
JH@aussprunglaw.com